UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEXTER ROBINSON,**

    **Plaintiff,**

    v.                                      Case No. 2:14-cv-601
                                                    JUDGE SMITH
                                                    Magistrate Judge Deavers

**MAXWELL FEDERAL CREDIT UNION,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Maxwell Federal Credit Union's Motion for Summary Judgment (Doc. 9). Plaintiff Dexter Robinson, proceeding *pro se*, filed a Memorandum in Opposition (Doc. 11) to which Maxwell replied (Doc. 12). Plaintiff also filed a second Memorandum in Opposition (Doc. 13) which Maxwell has moved to strike (Doc. 14). The Court **DENIES** Maxwell's Motion to Strike, but will consider the substance of Maxwell's motion as a surreply (which it requested in the alternative). Accordingly, the Court has reviewed Maxwell's motion, reply and surreply as well as Plaintiff's two memoranda in opposition. For the reasons that follow, Maxwell's Motion for Summary Judgment is **GRANTED**.

        **I.**        **BACKGROUND**

This case is brought under the Equal Credit Opportunity Act ("ECOA"). Plaintiff, who is an African American, asserts that Maxwell discriminatorily charged him excessive interest rates because of his race on three specific loans. The following facts are uncontested:

Between 1980 and 1985, Plaintiff financed three automobile purchases through Maxwell. In January 1981, Plaintiff purchased his first vehicle with the assistance of a $3,375.00 Maxwell

loan.  (Doc. 10, Payson Aff. at ¶ 3; Doc. 10, Ex. A, 1981 Disclosure Form).  Maxwell charged Plaintiff a 15% annual percentage rate on the Note.  (*Id*.).  This loan was paid in full by September 1981. (*Id*.).

In February 1982, Plaintiff purchased a second vehicle with the assistance of another Maxwell loan.  (Doc. 10, Payson Aff. at ¶ 4; Doc. 10, Ex. B, Feb. 1982 Disclosure Form).  Maxwell's Full Disclosure and Financing Statement evinces that Maxwell issued Plaintiff a loan in the amount of $3,100.00 with an annual percentage rate of 17.5%.  (*Id*.).  This loan was paid in full by September 1982.  (*Id*.).

In September 1982, Plaintiff took out his third and final loan from Maxwell for $2,985.00 with an annual percentage rate of 16.5%.  (Doc. 10, Payson Aff. at ¶ 5; Doc. 10, Ex. C, Sept. 1982 Disclosure Form).  This loan was paid in full by June 1985.  (Doc. 10, Ex. D, Payment in Full Notice).

Plaintiff filed suit on June 20, 2014 alleging that Maxwell "took full advantage of both my wife and I who are African Americans by charging us excessive interest rates which were not in correlation with normal business loan practices by credit unions and banks." (Doc. 1, Compl. at ¶ 14).  Shortly thereafter, Maxwell filed the Motion for Summary Judgment now before the Court, asserting that Plaintiff's ECOA claims are time-barred by the Act's five-year statute of limitations.  (*See generally* Doc. 9, Mot. Dismiss).  In response, Plaintiff admits that he is "outside of the normal window in filing this claim," but alleges his case should be allowed to go forward because he "ha[d] no idea" that he was being given "an inflated interest rate compared to White credit union customers." (Doc. 11, Resp. at ¶ 11; Doc. 13, Memo. Opp. at ¶ 3).  Also in support of his argument, Plaintiff cites to a case out of the Middle District of Tennessee, *Coleman v. GMAC*, 220 F.R.D. 64 (M.D. Tenn. 2004).

## II. STANDARD OF REVIEW

Maxwell brings this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249-50.

A party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). Alternatively, the moving party can "merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Cox*, 53 F.3d at 150 (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury"). In considering a motion for summary judgment, the

Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Id*. However, a nonmoving party cannot rely solely on this favorable construction; he or she must present affirmative evidence showing more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cox*, 53 F.3d at 150 ("[T]he nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment.").

### III. DISCUSSION

Maxwell asserts that Plaintiff's claims are time-barred by the ECOA's statute of limitations. Specifically, Maxwell argues that, at the latest, Plaintiff was required to bring his claims by June of 1990—five years from the date of Plaintiff's last loan payment. Plaintiff appears to argue that because he did not know about the disproportionate interest rates, the statute of limitations should be tolled. Plaintiff also asserts that the case of *Coleman v. GMAC*, 220 F.R.D. 64 (M.D. Tenn. 2004) supports the notion that his ECOA claims are not time-barred.

The ECOA states, in pertinent part: "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age. . . ." 15 U.S.C. § 1691(a)(1). The statute of limitations for any actions stemming from a violation of the Act is codified in 15 U.S.C. § 1691e which states:

> Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than 5 years after the date of the occurrence of the violation. . . .[1]

---

[1] There are statutorily defined exceptions to this five year statute of limitations; however, neither party argues that either of the two exceptions set forth in 15 U.S.C. § 1691e applies here.

4

Thus, the statute of limitations in ECOA actions runs from the date of the occurrence of the violation, "'not at the time at which the consequences of the act become painful.'" *Beard v. Dominion Homes Fin. Servs., Inc.*, No. 2:06-CV-00137, 2007 WL 2137944, at *2 (S.D. Ohio July 23, 2007) (Watson, J.) (quoting *Mays v. Buckeye Rural* 277 F.3d 873, 879 (6th Cir. 2002)); *see also Hines v. Franklin Sav. & Loan*, No. 1:09-CV-914, 2011 WL 882976, at *5 (S.D. Ohio Jan. 31, 2011) (Bowman, J.) (holding that statute of limitations on ECOA claim ran from "the date of the loan").  Importantly, this Court has also recognized that "the federal discovery rule, which provides that the statute of limitations does not begin to run until the Plaintiff knew or should have known of the injury, does not apply to ECOA claims." *Beard*, 2007 WL 2137944, at *2.

This is not to say that the ECOA statute of limitations can never be extended.  The doctrine of equitable tolling may toll the limitations period under certain circumstances, such as when a creditor fraudulently conceals its actions so as to prevent a plaintiff from filing suit within the five-year period.  *Matthews v. New Century Mortgage Corp.*, 185 F. Supp. 2d 874, 883 (S.D. Ohio 2002) (Marbley, J.).  Three elements must be pled/established for a plaintiff to establish fraudulent concealment: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975).  These elements are all to be alleged with particularity.  *Beard*, 2007 WL 2137944, at *2; Fed. R. Civ. P. 9(b).

Even when construing the factual record in favor of Plaintiff, the Court finds that Plaintiff's ECOA claims are barred by the statute of limitations.  It is uncontested that the

complained-of interest rates were associated with loans issued nearly thirty years ago. Further, Maxwell submitted copies of Full Disclosure and Financing Statements for each of the subject loans. (*See* Doc. 10, Exs. A - C, Disclosure Forms). Plaintiff acknowledged and signed the terms of each Full Disclosure and Financing Statement, which included the amount of the loan, the amount of the expected monthly payments, the daily periodic interest rate, and the annual percentage rate. (*Id.*). Moreover, these statements show that Plaintiff had executed all three of the notes, and paid them off in full by 1985. (*Id.*; Doc. 10, Ex. D). This evidence satisfies Defendant's initial burden under Rule 56, i.e., that no genuine issues of material fact exist as to the untimeliness of Plaintiff's ECOA claims.

The burden therefore shifts to Plaintiff to set forth specific facts showing that a genuine issue of material fact remains. Although Plaintiff states, in conclusory fashion, that he "can provide evidence . . . that [Maxwell] fraudulently conceal [sic] or misrepresent [sic] themselves," (Doc. 13, Memo. Opp. at ¶ 7) this is not enough to create a genuine issue for trial. *See Matsushita*, 475 U.S. at 586 (stating that a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts" to satisfy its reciprocal summary judgment burden). The only evidence in the record demonstrates the opposite, i.e., that Maxwell was up front and straightforward about the terms of the loan and the respective interest rates. (*See* Doc. 10, Exs. A - C, Disclosure Forms). Further, the Disclosure Statements were acknowledged and signed by Plaintiff at the time the loans were issued. (*See id.*). Thus, the Court finds that no genuine issues of material fact exist as to whether Maxwell fraudulently concealed the complained-of terms of the loan: Plaintiff has provided no evidence indicating that Maxwell concealed the annual percentage rates on the loans or, even if it had, that Plaintiff exercised due diligence over the thirty years since the issuance of these allegedly discriminatory loans,

warranting an extension of the limitations period. The Court therefore finds the five-year statute of limitations set forth in 15 U.S.C. § 1691e bars Plaintiff's ECOA claims.

In his memoranda in opposition, Plaintiff cites to the case of *Coleman v. GMAC*, 220 F.R.D. 64 (M.D. Tenn. 2004) in support of his claims.[2] But the Court finds that the *Coleman* decision does not affect its holding. While *Coleman* did discuss the ECOA's statute of limitations briefly, it did so in the context of a class certification analysis. Specifically, the court found that 15 U.S.C. § 1691e(f) did not bar class certification because the filing of the original class action suit tolled the statute of limitations for all purported members of the class. *Id*. at 96-97. Thus, that plaintiffs filed their seventh amended complaint outside of the statute of limitations period was of no consequence, as the original class action complaint (which thereafter tolled the limitations period) had been timely filed. *Id*.

*Coleman*, as noted by Maxwell, is not controlling and involved a different defendant, different procedural history, different case posture, and was analyzed within a different context. Additionally, the plaintiffs in *Coleman* alleged *ongoing* violations of the ECOA, not violations on accounts that were closed decades ago. *Id*. at 97-98. Accordingly, the Court finds that the *Coleman* decision does not alter its statute of limitations analysis set forth above.

Finally, the Court recognizes that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Weatherby v. Fed. Exp.*, 454 F. App'x 480, 486 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 896 (U.S. 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). But the Court can extend leniency only so far. Even when the Court holds Plaintiff to less demanding standards and construes all factual allegations

---

[2] The Court can understand how Plaintiff, proceeding *pro se*, may believe that *Coleman* supports his position: the allegations pled by the *Coleman* plaintiffs (that GMAC engaged in discriminatory loan practices beginning in the late 1980's) are relatively similar to the ones alleged by Plaintiff here.

in the Complaint as true, the Court finds no genuine issues of material fact exist and that Maxwell is entitled to judgment as a matter of law.

## IV.   CONCLUSION

For reasons set forth above, the Court finds all of Plaintiff's claims against Maxwell are time-barred by 15 U.S.C. § 1691e.  Accordingly, the Court **GRANTS** Defendant Maxwell Federal Credit Union's Motion for Summary Judgment.

The Clerk shall **REMOVE** Document 9 from the Court's pending motions list.

The Clerk shall enter judgment in favor of Defendant and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

> */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**